OPINION OF THE COURT
Herman Cahn, J.
Petitioner seeks an order directing respondent, New York City Department of Health, to issue a new birth certificate to him. The new certificate sought would add the name of petitioner’s father and other information about his father.
Petitioner was born in 1942. At the time of his birth, his parents were not married, although they were then living together. The birth certificate sets forth the. name and vital information relating to petitioner’s mother, but contains neither the name nor any other information relating to his father. The parents subsequently separated. The putative father died in 1970, without formally acknowledging petitioner as his son.
There is evidence submitted that the parents held themselves out as being married. Furthermore, there is no indication that petitioner’s father ever denied paternity.
Petitioner now seeks a change in the birth certificate for “peace of mind and to avoid future embarrassment of having a birth certificate which does not list petitioner’s *358 father.” Petitioner indicates that it is his intention to later seek to change his surname to that of his father.
Although sympathetic to petitioner’s plight, the court is constrained to deny the application. Section 4138 (subd 1, par [e]) of the Public Health Law requires that in order for a new birth certificate to be issued in the circumstances here present, the duly verified consent of the putative father must be submitted. In its absence, the court cannot authorize the issuance of the new certificate.
The petition is dismissed.